## W. R. QUINN v. EDELEN TRANSFER AND STORAGE COMPANY.

Western Section.   January Term, 1928.

Petition for Certiorari denied by Supreme Court, April 14, 1928.

1. **Appeal and error. Evidence held to show that appeal was taken from final decree.**
In an action to recover the value of goods alleged to have been converted by a warehouse where the court entered a decree in November, but reserved its final finding until further evidence could be taken, held that it was not such a decree as could be appealed from and the appeal was properly taken from the final decree entered.

2. **Bailment. Warehousemen. Goods released from attachment are held by warehouse just as before the attachment.**
In an action to recover from a warehouse, the value of certain goods, where the goods had been attached but the attachment was released and they were then delivered to another party, held that after the release of the attachment the warehousemen held the goods just as before the attachment.

3. **Warehousemen. Warehousemen are liable for goods wrongfully delivered.**
Where complainant placed goods in a warehouse, the goods being actually delivered to the warehouse by his agent but the receipt being issued

in his name, and thereafter the goods were turned over to the agent without a written order from complainant or without the presentation of the warehouse receipt, held the warehousemen were liable to complainant for the value of the goods so delivered.

Appeal from Chancery Court, of Knox County; Hon. Robert M. Jones, Chancellor.

Affirmed.

Fowler & Fowler, of Knoxville, for appellant.

Child & Gailor, of Knoxville, for appellee.

HEISKELL, J. This is a suit by Quinn, to recover the value of household goods stored with the defendant company and alleged to have been converted. The bill and answer are brief and state concisely the respective contentions of the parties as to the facts.

The bill states that the complainant is a citizen and resident of the State of Iowa, where he has been residing for some time past, and that he formerly resided in Knoxville, Tennessee; that the defendant is a corporation duly authorized to conduct, and for several years has been engaged in the operation of a storage warehouse in Knoxville, Tennessee for hire; that on or about the 10th day of April, 1922, the defendant company contracted with the complainant to store the household furniture of complainant at its warehouse in Knoxville, for an agreed price of three dollars and fifty cents ($3.50) per month. Pursuant to said contract, the complainant turned over to the defendant company the items hereinafter mentioned, of the value of twenty-eight hundred ($2800) dollars, and the defendant company issued to complainants its warehouse receipt therefor, which including an itemized list of the articles so stored is filed herewith, made a part of this bill, marked for identification, Exhibit "A." The defendant contracted and agreed to surrender the property of the complainant so stored with it upon the surrender of said warehouse receipt, and further contracted not to surrender same to any person without the written order of the complainant.

The bill then says:

"Complainant would now show, that the defendant company has breached its said contract, and has refused and failed to deliver up to the complainant said articles or items of furniture so set out, and that it still neglects and refuses to deliver same, though he has presented said warehouse receipt, and requested them to deliver his said furniture to him. The defendant has either converted said furniture to its own use, or delivered same to some person unauthorized to receive same, as this complainant has never at any time either verbally or in writing given any person authority to remove said goods for him, as is claimed by defendant. He, therefore, brings this action to recover of the defendant the value of said furniture, and household

fixtures, etc., on account of the breach of said contract, to the amount of twenty-eight hundred ($2800) dollars.''

The answer says that ''No agent or employee of defendant is personally acquainted with complainant Quinn, or has had any personal dealings with him. Some time ago, probably about the date mentioned in the original bill, one, Hemphill, brought some goods to defendant for storage. Hemphill represented himself to be the agent of W. R. Quinn, and defendant accepted the goods and gave to said Hemphill as Quinn's agent, a warehouse receipt therefor. After said goods had been held in storage for some time two attachments properly issued in court proceedings against W. R. Quinn, were levied upon said goods, and they were taken by the officer out of defendant's possession, as a warehouseman, although, at the request of the officer and under special arrangement with him, defendant continued to hold the goods as his, the officer's agent and representative. They were held thus until the officer who attached the goods came to defendant's place of business in company with Hemphill, the same person who had brought the goods to defendant's warehouse, and to whom the warehouse receipt was delivered. Hemphill, as defendant was informed, paid the officer the amount of the claims against Quinn, to collect which said actions had been brought; and by direction of the officer, defendant delivered the goods to Hemphill. The goods were so delivered for two reasons. In the first place, they had been delivered to defendant for storage by Hemphill, who was the only person personally known to defendant in the transaction. He exercised full authority over the goods and defendant never had any intimation that his authority was in any respect restricted, and in fact, it was unlimited; and, in the second place, after the goods were taken out of defendant's possession as warehouseman by legal process, it had no further control over them; and strictly speaking, the goods were delivered to Hemphill by the officer who executed the writs of attachment.

''It is not true, that the goods were worth twenty-eight hundred ($2800) dollars, or in the neighborhood of that sum. In fact, their value did not exceed one hundred ($100) dollars.''

The first action of the court is shown in an order of reference, which is as follows:

''This cause came on for hearing on this, the 18th day of November, 1926, before the Honorable Robert M. Jones, Chancellor, upon the original bill of complainant, the answer of the defendant thereto, the proof on file and the record at large, from all of which the court is of opinion that the defendant, Edelen Transfer & Storage Company, accepted certain household furniture and other items of personal property from the complainant, and issued to the complainant therefor, its negotiable warehouse receipt, which was held by him at the time of the bringing of this suit; that the defendant converted and

used said household furniture and other personal property so covered by said negotiable warehouse receipt, and is liable to the complainant for the value thereof, at the time same were so converted. But it appearing to the court that the evidence is conflicting as to the actual value of said furniture, and that this is a proper ease for a reference to the Master to determine the value thereof, the Master will, therefore, hear proof and report as to the reasonable and fair cash value of said furniture so stored and covered by the receipt exhibited with the original bill in the cause. The Master will consider the proof on file, together with such additional evidence as may be offered by either party and will make his report on the 1st Monday in January, 1927, pending the incoming of which all further proceedings in the cause will be stayed.''

The Master filed his report on May 18, 1927. There were exceptions by both parties, and on October 17, 1927, a final decree was entered, reciting that the cause came on to be heard on that day upon the pleadings, report of the Master and exceptions thereto. The decree sets out the report and concludes thus:

''And upon the record at large, the same being carefully considered by the court, it is ordered that each and all exceptions to said report on behalf of the complainant and defendant be, and the same are severally overruled and denied. And said report is in all things confirmed, the court finding and concurring in the report of the Master that the reasonable value of the property mentioned in the warehouse receipt in question is as reported, to-wit: $857.33.

''It is therefore, ordered, adjudged and decreed by the court, that the complainant have and recover of the defendant, the sum of eight hundred, fifty-seven ($857.33) dollars and thirty-three cents, together with interest thereon, from the date of the filing of the bill in this cause, amounting to one hundred and five ($105.71) dollars and seventy-one cents. But said amount will be credited with the amount of storage charges therein, in favor of the defendant, amounting to fifty-one ($51) dollars, leaving the sum of nine hundred and twelve ($912.04) dollars and four cents due the complainant at the time of entry of this decree.

''From the action of the court in decreeing any amount in favor of the complainant, and in refusing to dismiss the complainant's bill, and in overruling its exceptions to the Master's report, the defendant excepts, and prays an appeal to the next term of the Court of Appeals of Tennessee, sitting at Knoxville, and it is allowed ten days from the entry of this decree to perfect its appeal by filing appeal bond or otherwise complying with the law. The exhibits will be sent up with the transcript in their original form.''

The assignments of error are as follows:

"The court erred in refusing to dismiss complainant's bill, and also in giving judgment to complainant for $912.04 or for any other amount.

"1.    Because the court erred in holding that defendant issued to complainant its negotiable warehouse receipt whereas, in fact, said receipt is nonnegotiable, and consequently, the goods covered thereby, were subject to the attachment levied by the officer.

"2.    Because the defendant surrendered said goods to Hemphill, agent of complainant and the only person known in the transaction to defendant, whose authority was unlimited and unrestricted.

"The court erred in overruling the exceptions of defendant to the report of the Master and in confirming said report."

The goods were attached by W. A. Channaberry, constable, under two writs, one of May 1, and one of September 6, 1922, but by arrangement with the officer, defendant continued to hold the goods for him.

What happened after this, as we find from the record, is as follows: On February 9, 1923, the negro, Horace Hemphill, paid defendant thirty-five ($35) dollars on the storage of the goods and on February 19th, following according to H. E. Edelen, the defendant, turned over the goods to Horace Hemphill and Walter E. Kennedy, or to Kennedy on the order of Hemphill.    On defendant's copy of the warehouse receipt, appears this endorsement—"Released by Channaberry by phone 2/19/23."

Counsel for complainant, now appellee, raises the question, that by failing to appeal from the decree of November 18, 1926, the appellant lost his right to appeal from anything except the finding of the Master.

The case of Meek v. Mathis, 48 Tenn., page 536, is relied on in support of this proposition.    The case does not support the contention.    The decree was held final in the sense that it could not be changed by the Chancellor at a subsequent term, but not final in the sense that an appeal would lie from it as a matter of right.    But at the March term, 1869, when the decree was entered on the report of the Master for the first time an appeal could be taken as of right. See opinion on rehearing at page 40.    Also, Barton v. Turley, 11 Lea, at pages 605, 606, discussing Meek v. Mathis, 1 Heisk., 335.

The principal contention for defendant is, that the warehouse receipt held by complainant was not a negotiable receipt and therefore, the property was liable to attachment.

We think, there was no error in the holding of the Chancellor, that the receipt was negotiable, but we think it immaterial in this case whether it was or not.    The goods were attached and left in the custody of defendant, then the officer by phone released the claim.

This left the goods subject to the claim of the bailor under the receipt which he held, just as before the attachment. The answer says, the goods were delivered upon the order of Channaberry but all that appears in proof is that he released same by phone. He had no right to do more when his claim was paid. He could take possession and sell to satisfy his judgments and hold the balance for the complainant but he could not transfer any title to Hemphill or Kennedy upon their paying the judgments on attachment under which he seized the goods. It is clear that his release by phone is all that took place and this left the goods in the hands of defendant just as before the attachment. Regardless then, as to the negotiability or nonnegotiability of the warehouse receipt, the defendant had no right to deliver the goods except to complainants or upon his order. Hemphill was not the agent of complainant in any sense except to deliver the goods to the warehouse and take receipt for them. The receipt provides:

"This warehouse receipt and a written order should be presented when any goods are to be withdrawn. Goods will be delivered upon receipt of a written order signed by the person in whose name they are stored."

The goods were stored in the name of W. R. Quinn, as appears from the receipt itself. They were delivered to others without the presentation of the receipt and without written order or order of any kind from Quinn. There is no authority upon which this action of defendant can be justified or liability escaped.

As to error assigned in regard to the findings of the Master's report. The Chancellor concurred with the Master, and therefore, the result cannot be questioned.

All assignments of error are overruled and the decree of the lower court is affirmed. Decree will be entered here against appellant and sureties on appeal bond for the amount of the decree in the chancery court, with interest and costs.

Owen and Senter, JJ., concur.